Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Plaintiff,*
*Ayanna Hart*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA HART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC.,<br>a Delaware corporation; and<br>SKYWEST AIRLINES INC.,<br>a Utah Corporation,<br><br>Defendants. | Case No. _____<br><br>**VERIFIED COMPLAINT FOR:**<br>(1) **NEGLIGENCE, GROSS NEGLIGENCE, AND/OR RECKLESSNESS**<br>(2) **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**<br>(3) **NEGLIGENCE PER SE**<br>(4) **UNLAWFUL, UNFAIR & DECEPTIVE BUSINESS PRACTICES [BUSINESS AND PROFESSIONS CODE §§ 17200 *et seq.* and similar laws]**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Ayanna Hart, through her attorneys, brings this Complaint against Defendants DELTA AIR LINES, INC., a Delaware corporation, and SKYWEST AIRLINES INC., a Utah Corporation, and states as follows:

## 1.0   INTRODUCTION

1.     On May 12, 2017, aboard Flight DL3559 from Los Angeles, California, to Denver, Colorado, Ayanna Hart ("Ms. Hart" or "Plaintiff"), was assaulted, battered, and humiliated after a flight attendant, employed by Delta Air Lines, Inc. ("Delta") and/or SkyWest Airlines Inc. ("SkyWest"), served several alcoholic beverages, drink-after-drink, to a belligerently intoxicated passenger.

2.     Delta and/or SkyWest had a duty to protect the safety of airline passengers like Ms. Hart, but Delta and/or SkyWest, via its flight attendant, breached that duty when it served several alcoholic beverages, drink-after-drink, to a belligerently drunk passenger who sat directly across the aisle from Ms. Hart.

3.     Ms. Hart's close proximity to the intoxicated man made her a foreseeable victim; and but for the flight attendant's negligence and recklessness in serving so many drinks to the intoxicated man, Ms. Hart would not have been sexually assaulted that day.

4.     Delta's and/or SkyWest's behavior was truly outrageous when the flight attendant failed to prevent continued groping and assault upon Ms. Hart, even going so far as to endorse the assault.

## 2.0   JURISDICTION AND VENUE

5.     This Court has jurisdiction pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds $75,000, exclusive of

interest, costs and attorneys' fees and there is complete diversity between the Plaintiff and all the Defendants.

6.  Defendants are subject to general and/or specific personal jurisdiction in this Court pursuant to Cal. Code Civ. Proc § 410.10 as they do substantial, continuous, and systematic business in the State of California and a substantial part of the events giving rise to the claims occurred in California.

7.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(2) and/or (3) because a substantial part of the events giving rise to the claims occurred in this judicial district and defendants are subject to the court's personal jurisdiction with respect to this action.

## 3.0    THE PARTIES

8.  Plaintiff Ayanna Hart is a resident of the City of Los Angeles, Los Angeles County, in the State of California. Plaintiff is a natural "person" as defined by the California Business and Professions Code ("BPC") § 17201.

9.  Defendant Delta, upon information and belief, is a corporation organized under the laws of the State of Delaware and is registered to do business in the State of Georgia, with a principal office address at 1030 Delta Boulevard, Atlanta, GA 30354, and does substantial, continuous, and systematic business in the State of California and in this judicial district.

10.    Defendant SkyWest, upon information and belief, is a corporation organized under the laws of the State of Utah and is registered to do business in the State of Utah, with a principal office address at 444 South River Road, St. George, Utah and does substantial, continuous, and systematic business in the State of California and in this judicial district.

### 4.0   <u>FACTS COMMON TO ALL CLAIMS</u>

11.    At all relevant times herein, and upon information and belief, SkyWest operated under contract as Delta Connection on behalf of Delta Air Lines, Inc. and/or operated the flight on behalf of Delta.

12.    Both Defendants use Los Angeles International Airport as a hub for their operations.

13.    At all relevant times Defendant Delta and/or SkyWest owned, possessed, and/or controlled Flight DL3559 whereon the acts described in this complaint were committed.

14.    Upon information and belief, SkyWest does not have its own contract of carriage in connection with flight DL3559 but incorporates Delta's contract of carriage. *See* **<u>Exhibit 1</u>**.

15.    Delta, for itself and SkyWest, specifically notes in its Terms and Conditions that it reserves the right to assign or reassign a Delta First Class seat at any time, "even after boarding of the aircraft, for operational, safety or security reasons." *See* **<u>Exhibit 2</u>**.

16.    Further, Delta's Terms and Conditions state that it reserves, "the right to assign or reassign a Preferred Seat at any time, even after boarding of the aircraft, for operational, safety or security reason\s; the final decision resides with ground staff and operating crew on the day of the flight."  *See* **Exhibit 2**.

17.    Delta's Contract of Carriage and/or its Terms of Use and/or similar agreements with passengers promises that Defendants' employees will not overserve alcoholic beverages to passengers.

18.    Delta's Contract of Carriage and/or its Terms of Use and/or similar agreements with passengers promises that Defendants' employees will relocate and/or refuse to transport passengers who pose a security risk.

19.    On May 12, 2017, Ms. Hart, along with her 15-year-old daughter, boarded flight DL3559 from Los Angeles International Airport ("LAX") to Denver International Airport ("DEN").

20.    Upon information and belief, SkyWest operated the flight on behalf of Delta.

21.    On this flight, Ms. Hart was assaulted, battered, and humiliated after a Delta and/or SkyWest flight attendant served alcoholic drink-after-drink to a belligerently drunk male passenger (hereinafter "John Doe", "the intoxicated passenger", or "the intoxicated man").

22. The flight attendant served several alcoholic beverages to John Doe even though he was so visibly drunk that he was singing loudly to himself.

23. John Doe was so visibly drunk that the flight attendant, within earshot of Ms. Hart, asked the intoxicated man if he planned to drive home.

24. Such inquiry demonstrated that Defendants were on notice of John Doe's intoxication.

25. Several passengers complained about John Doe's drunken behavior, prior to his assault and battery of Ms. Hart.

26. Such complaints put Defendants on heightened notice of the risks to passengers associated with transporting John Doe.

27. At all relevant times herein, Ms. Hart was accompanied by her 15-year-old daughter, who were seated by Defendants in seats 2C and 2D.

28. At all relevant times herein, Defendants transported John Doe, seating him in seat 2A.

29. At all relevant times herein, Defendants forced Ms. Hart to sit directly across the aisle from John Doe.

30. Ms. Hart was playing a game with her daughter when John Doe, known to be drunk and unacceptable and unsafe for transport, reached across the aisle and began groping Ms. Hart.

31.     Terrified, Ms. Hart firmly and loudly told the intoxicated man not to touch her, yet Defendants permitted John Doe's conduct.

32.     The intoxicated passenger's behavior was visible to the entire cabin and a passenger in 1A warned Defendants' flight attendant that he was concerned about the fact that John Doe was very drunk.

33.     The passenger in 1A also loudly warned Defendants of John Doe's misbehavior to Plaintiff.   Defendants' flight attendant replied with Ms. Hart's earshot: "Don't worry, he flies with Delta all the time, he is a Platinum Medallion member."

34.     Defendants' toleration of John Doe's actions conflicted with the Medallion Benefits Terms and Conditions advertised by Delta on its website.  See **Exhibit 2** ("Medallion Terms").[1]

35.     The Medallion Terms state, in relevant part:

We reserve the right to assign or reassign a Delta Comfort+® seat at any time, even after boarding of the aircraft, for operational, safety or security reasons.
…
We reserve the right to assign or reassign a Preferred Seat at any time, even after boarding of the aircraft, for operational, safety or security reasons; the final decision resides with ground staff and operating crew on the day of the flight.

_____

[1]     Available at: <https://www.delta.com/content/www/en_US/skymiles/medallion-program/medallion-benefits/terms-conditions.html> (last accessed June 26, 2017).

36.    For operational, safety, and security reasons, John Doe's seat was subject to reassignment under the Medallion Terms.

37.    At all relevant times herein, Defendants purposely ignored the Medallion Terms by not reassigning John Doe's seat, to the detriment of Ms. Hart.

38.    Upon hearing the flight attendant's reaction, Ms. Hart grew more petrified because the intoxicated man's behavior was open, obvious, and now brought to Defendants' attention, yet Defendants excused the behavior due to the intoxicated man's frequent flier status.

39.    A few minutes later, in the full view of Defendants' flight crew, and presumably emboldened by Defendants' endorsement of his behavior, the intoxicated man reached across the aisle again and continued to touch her; he also grabbed Ms. Hart's arm and started to forcefully disrobe her.

40.    The intoxicated man pulled Ms. Hart's clothing so hard that she expected to find herself fully, and unwillingly, unclothed. Ms. Hart, despite being petrified, loudly yelled at the intoxicated man not to touch her, hoping to end his sexual assault.

41.    Defendants' flight attendant heard Ms. Hart yell, but continued to permit John Doe to sexually assault Ms. Hart.

42.    Shockingly, Defendants' flight attendant mocked Ms. Hart's predicament, playfully parroting the words, "no touching".

43.   At no time did Defendants take any corrective measures to minimize or end John Doe's assault.

44.   John Doe, with the endorsement of Defendants, thereupon escalated his attack.

45.   The intoxicated man began to throw objects at Ms. Hart. Rather than facilitate Plaintiff's ability to physically avoid assault by relocating to another seat or otherwise moving about the cabin, Defendants began their landing procedure, trapping her in her seat, for she was required by 14 CFR § 121.311(b) to be seated and belted during landing.

46.   At all relevant times herein, Ms. Hart feared for her teenage daughter's safety, as well as her own.

47.   As Ms. Hart exited Defendants' airplane, visibly shaken from the experience, Defendants' flight attendant finally spoke to Ms. Hart and said, "I'm sorry he was flirting with you on the flight."

48.   Aggressive groping, attempted forcible disrobing, and throwing objects at Ms. Hart is not "flirting."

49.   Ms. Hart was disturbed that Defendants would characterize such misconduct as mere flirting.

50.   Several passengers on the flight who had witnessed the intoxicated man's behavior were also concerned for Ms. Hart's safety, unlike Defendants.

51.   After Defendants' flight attendant made his offensive "flirting" remark, another passenger from first class approached Ms. Hart and told her that he had not buckled his seatbelt during the entire flight in case should he be needed to protect himself and his fellow passengers from the intoxicated man.

52.   The passenger also told Ms. Hart that he was shocked that Defendants continued to serve the intoxicated man so many alcoholic beverages, drink-after-drink, while he was visibly intoxicated and displaying grotesque behavior.

53.   The passenger also noted that he was shocked that Defendants' crew did nothing to protect Ms. Hart from the constant assault, took no corrective actions to move the intoxicated man to another seat, and in fact, endorsed the behavior.

### 6.0.   CLAIMS FOR RELIEF

### 6.1   FIRST CLAIM FOR RELIEF
### Negligence, Gross Negligence, and/or Recklessness against Defendants Delta and/or SkyWest

54.   Ms. Hart repeats and re-alleges every allegation in the preceding paragraphs as if set forth fully herein.

55.   At all times relevant to this lawsuit, Defendants Delta and/or SkyWest owned and/or operated the aircraft at issue and is thus responsible for the negligence, gross negligence, and/or recklessness of their employees.

56.    Ms. Hart was a foreseeable victim as she was forced by Defendants to sit directly across the aisle and within reaching distance from John Doe.

57.    Defendants Delta and/or SkyWest, via its employees, had a duty to its passengers and specifically to Plaintiff, to keep Plaintiff reasonably safe and to protect Plaintiff from all known hazards, including known overly intoxicated passengers.

58.    Defendants Delta and/or SkyWest breached their duty to Ms. Hart and committed acts of negligence, gross negligence, willful and wanton misconduct described previously.   Defendants Delta and/or SkyWest breached their duty and committed acts of negligence which include but are not limited to:

    a. Serving several alcoholic beverages, drink-after-drink, to an overly intoxicated passenger;

    b. Allowing a passenger who was overly intoxicated to openly touch, grope, and grab Ms. Hart, tear at her clothes, and throw objects at Ms. Hart as he pleased;

    c. Endorsing the outrageous actions, (such as groping, touching, and forceful disrobement), perpetrated by the overly intoxicated passenger by excusing his conduct because of his frequent flyer status;

d. Failing to properly supervise the overly intoxicated passenger and protect the Plaintiff, as is the duty of a business to its business invitees;

e. Failing to monitor the conduct of passengers, so as to provide a safe flight for business invitees;

f. Failing to intervene on behalf of the Ms. Hart so as to prevent the egregious acts of an obvious overly intoxicated passenger;

g. Failing to have safeguards in place to prevent sexual assaults of business invitees;

h. Failing to implement safety policies, protocols, and procedures to protect individuals such as Ms. Hart, from obvious overly intoxicated passengers;

i. Negligent failure to make a proper pre-flight inspection;

j. Negligent failure to comply with FAA regulations that prohibit serving excessive alcoholic beverages to overly intoxicated passengers;

k. Negligent failure to maintain the aircraft in a safe condition for its passengers; and

l. Negligent failure to protect or warn its passengers from unreasonable risk of harm, such as an obvious overly intoxicated passenger.

59.    If not for Defendant Delta's and/or SkyWest's actions described above, Ms. Hart would not have been injured.

60.    Defendant Delta and/or SkyWest acted with recklessness because its employee knew or should have known it was highly probable that their conduct, described herein, would cause harm and Defendants' flight attendant knowingly disregarded this risk.

61.    Defendant Delta and/or SkyWest were grossly negligent because they lacked any care for their business invitee Ms. Hart and acted in such a way that it constituted an extreme departure from what a reasonably careful person would do in the same situation to prevent harm to others, which includes Defendants' failure to act to protect Ms. Hart.

62.    As a direct and proximate result of Defendant Delta's and/or SkyWest's negligence, gross negligence and/or reckless conduct, Ms. Hart was seriously and permanently injured, and thus Ms. Hart has and will continue to suffer damages into the future, including, but not limited to:

> a. Severe emotional and mental distress;
>
> b. Anguish and nervousness;
>
> c. Anxiety;
>
> d. Shame;
>
> e. Economic losses;
>
> f.  Humiliation, grief, embarrassment;

g. Fright and shock;

h. Inability to experience social pleasure and enjoyment; and

i. Physical manifestations such as shaking hands, nausea, sleeplessness, and other physical manifestations.

63.    As a further direct and proximate result of the acts of negligence and/or omissions of the Defendants Delta and/or SkyWest, Ms. Hart was required to incur additional expenses for reasonable and necessary care and attention, and rehabilitative therapy, in an attempt to alleviate and cure the pain, discomfort, mental anguish, and permanent injuries sustained in the herein described incident, and will continue to do so in the future.

64.    As alleged herein, defendant's negligence, gross negligence, and/or recklessness injured Ms. Hart and she is entitled to recover, in addition to actual damages, punitive damages to make an example of and to punish defendants, which should include costs, interest, and attorneys' fees.

### 6.2    SECOND CLAIM FOR RELIEF
**Negligent Infliction of Emotional Distress**
**Against Defendants Delta and/or SkyWest**

65.    Ms. Hart repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

66.    Defendants Delta and/or SkyWest, via their agents, inflicted great emotional distress upon Ms. Hart by way of their

negligent, inappropriate, improper, and reckless actions described herein.

67.    Defendants Delta and/or SkyWest, via their agents, were negligent and their negligence was a substantial factor in causing Ms. Hart's serious emotional distress.

68.    Defendant Delta's and/or SkyWest's actions constitute extreme and outrageous conduct, which caused Ms. Hart to suffer extreme injuries, including humiliation, indignity, and injury to her psyche including, but not limited to the following, all of which shock the conscience of the community:

a. Serving several alcoholic beverages, drink-after-drink, to an overly intoxicated passenger;

b. Allowing a passenger who was overly intoxicated to openly touch, grope, and grab Ms. Hart, tear at her clothes, and throw objects at Ms. Hart as he pleased;

c. Endorsing the outrageous actions, (such as groping, touching, and forceful disrobement) perpetrated by the overly intoxicated passenger by excusing his conduct because of his frequent flyer status; and

d. Failing to supervise an obvious overly intoxicated passenger and provide protection to Ms. Hart, as is the duty of a business to their business invitees.

69.    As a direct and proximate result of the Defendant's actions, all of which constitute negligent infliction of emotional distress, Ms. Hart has suffered:

     a. Severe emotional and mental distress;

     b. Anguish and nervousness;

     c. Anxiety;

     d. Shame;

     e. Economic losses;

     f.  Humiliation, grief, embarrassment;

     g. Fright and shock;

     h. Inability to experience social pleasures and enjoyment; and

     i.  Physical manifestations including shaking hands, nausea, sleeplessness, and other physical manifestations.

70.    As alleged herein, defendant's negligence injured Ms. Hart and she is entitled to recover, in addition to actual damages, and punitive damages to make an example of and to punish defendants, which should include costs, interest, and attorneys' fees.

### 6.3   THIRD CLAIM FOR RELIEF
### Negligence Per Se
### Against Defendants Delta and/or SkyWest

71.    Ms. Hart repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

72.    As alleged herein, Delta and/or SkyWest employees served several alcoholic beverages, drink-after-drink, to an overly intoxicated passenger in violation of Federal FAA regulation 14 C.F.R. § 121.575(b)(1), which states that no certificate holder (such as Delta and/or SkyWest) may serve any alcoholic beverage to any person aboard any of its aircrafts who appears to be intoxicated.

73.    When defendants Delta and SkyWest, via its employee, served an overly intoxicated individual several alcoholic beverages, drink-after-drink, it did not comply with the requirements of the law, violated federal statutes and regulations that were specifically promulgated to protect passengers like Ms. Hart.   Accordingly, Defendants actions were negligent *per se,* as a matter of law.

74.    The injuries Ms. Hart suffered in this case are of the nature that Federal regulations were designed to prevent and Ms. Hart is within the class of persons whom such statutes and regulations are intended to protect.

75.    As a direct and proximate result of Defendants' negligence per se, Ms. Hart was sexually assaulted by an overly intoxicated passenger who sat directly across the aisle from her on board this flight, and Ms. Hart is entitled to recover damages in an amount according to proof.

76.    As a direct and proximate result of Defendant Delta's and/or SkyWest's negligence *per se,* Ms. Hart was seriously and

permanently injured, and thus Ms. Hart has and will continue to suffer damages into the future, including, but not limited to:

      a. Severe emotional and mental distress;

      b. Anguish and nervousness;

      c. Anxiety;

      d. Shame;

      e. Economic losses;

      f.  Humiliation, grief, embarrassment;

      g. Fright and shock;

      h. Inability to experience social pleasure and enjoyment; and

      i.  Physical manifestations such as shaking hands, nausea, sleeplessness, and other physical manifestations.

77.   As alleged herein, Defendants' negligence per se proximately caused Ms. Hart's injuries, and Ms. Hart is entitled to recover, in addition to actual damages, punitive damages to make an example of and to punish defendants.

## 6.4 FOURTH CLAIM FOR RELIEF
### Unlawful, Unfair, and Deceptive Business Acts and Practices
### Against Defendants Delta and/or SkyWest

78.   Ms. Hart repeats and re-alleges each and every allegation in the preceding paragraphs as if set forth fully herein.

79.   Defendant's conduct constitutes a "business practice" under the Business & Professions Code, Section 17200, et seq. ("Section 17200").

80.   Defendant's business practice constitutes unlawful conduct under Section 17200, because it violates common and Federal and California statutory law.

81.   Defendant's business practice constitutes unfair and/or deceptive conduct under Section 17200 because it deceives, and is likely to deceive, members of the public.

82.   Defendants Delta and/or SkyWest have engaged in a practice of uniformly misrepresenting and/or repudiating their contractual and legal obligations by overserving drinks in violation of Delta's Contract of Carriage Rule 35(f) stated policy to protect the security of passengers and to refuse transport to intoxicated passengers.

83.   Upon information and belief, the public would be deceived by Delta's Contract of Carriage because it purports to protect the security of its passengers.

84.   Upon information and belief, the fact that the intoxicated man was a Medallion member does not excuse Delta and/or SkyWest from its duty to maintain a safe environment for passengers

85.   Based upon the obligations imposed upon defendants and their experience in the industry, defendants either knew,

recklessly disregarded, or reasonably should have known or were obligated under the law to understand that overserving alcoholic beverages and creating an unsafe environment for passengers in violation of Delta's stated policy in its Contract of Carriage and its Terms of Use were unlawful, unfair, and/or fraudulent.

86. Defendants Delta and/or SkyWest violated California consumer protection statutes and/or those of any other relevant state by breaching its agreements with passengers.

87. Upon information and belief, Defendants are engaged in ongoing wrongful business conduct or a pattern of wrongful business conduct, as overserving alcoholic drinks, endorsing outward and obvious sexual assault during a flight, and not moving the overly intoxicated passenger to another seat, despite Delta's Contract of Carriage with its passengers, which promises otherwise.

88. Delta's and/or SkyWest's business conduct is likely to deceive the public because Delta's Contract of Carriage and/or its Terms of Use and/or similar agreements with its passengers promises not to overserve alcoholic beverages and promises to take immediate action, including relocating passengers to different seats, who pose a security risk, and the public is likely to be deceived by those promises.

89. As a direct and proximate result of Defendant Delta's and/or SkyWest's unfair and deceptive business practices, Ms. Hart

was seriously and permanently injured, and thus Ms. Hart has and will continue to suffer damages into the future, including, but not limited to:

a. Severe emotional and mental distress;

b. Anguish and nervousness;

c. Anxiety;

d. Shame;

e. Economic losses;

f. Humiliation, grief, embarrassment;

g. Fright and shock;

h. Inability to experience social pleasure and enjoyment; and

i. Physical manifestations such as shaking hands, nausea, sleeplessness, and other physical manifestations.

90. As alleged herein, Defendants' unfair and deceptive business practices proximately caused Ms. Hart's injuries, and Ms. Hart is entitled to recover, in addition to actual damages, punitive damages to make an example of and to punish defendants.

## 7.0   **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully seeks judgment as follows:

A. A declaration that Defendants Delta and/or SkyWest were negligent as a matter of law;

B.    Actual damages in the amount of $1,000,000 or an amount to be determined at trial;

C.    Punitive damages;

D.    An award of attorneys' fees and expenses; and

E.    Any further relief the Court deems appropriate.

## **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all causes of action.

Dated: June 26, 2017            Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza

Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Plaintiff,*
*Ayanna Hart*

DocuSign Envelope ID: B3082B8C-CF57-4669-B9B7-56CBD442FCC1

## **VERIFICATION**

I, AYANNA HART, being first duly sworn, depose and say:

1.      I am over the age of 18 years;

2.      I am the Plaintiff in this action;

3.      I have read the foregoing Verified Complaint and know the contents thereof; and

4.      The foregoing Verified Complaint is true and correct to the best of my knowledge, information, and belief.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on ___6/26/2017_____.

DocuSigned by:

*Ayanna Hart*

040829B3DDA64EC...

_____

Ayanna Hart