# EXHIBIT A

# INVOICE



Security Attorney
Service, LLC
12813 Gladstone Ave
Sylmar, CA 91342
(818)-365-4187
Fax 818-365-2753
securityattorneyservice
@gmail.com

BILL TO: JAFFE RAITT HEUER & WEISS, P.C.
27777 FRANKLIN ROAD -SUITE 2500
SOUTHFIELD, MI 48034
ATTN; KATHERINE ABRIGNANI

| DATE | DESCRIPTION | BALANCE | AMOUNT |
|---|---|---|---|
| 2/1/18 | SERVICE OF PROCESS | | 100.00 |
| | BERNADINE FRIED | | |
| | 329 N WETHERLY DRIVE., # 207 | | |
| | BEVERLY HILLS, CA 90211 | | |
| | PAID INVOICE CHECK # 376875 | | 100.00 |

| CURRENT | 1-30 DAYS PAST DUE | 31-60 DAYS PAST DUE | 61-90 DAYS PAST DUE | OVER 90 DAYS PAST DUE | AMOUNT DUE |
|---|---|---|---|---|---|
| | | | | | 0.00 |

REMITTANCE

Amount Due 0.00
Amount Enclosed

Make all checks payable to Security Attorney Service , LLC
**Quality, Experience, and Integrity Never Go Out of Style**

JAFFE, RAITT, HEUER & WEISS, PROFESSIONAL CORPORATION • 27777 ___ RD. • SUITE 2500 • P.O. BOX 5034 • SOUTHFIELD, MI 48086-5034

376875

| DATE | INVOICE # | DESCRIPTION | CLIENT MATTER # | GL | AMOUNT |
|---|---|---|---|---|---|
| 01/30/18 | ALLIAV-HART | PROCESS SERVICE | ALLIAV-HART | 11120 | $100.00 |
| 376875 | | 01/30/18 | | | $100.00 |

THIS DOCUMENT CONTAINS BLEED THRU MICR, MICRO PRINTING AND IS PRINTED ON SAFETY PAPER WITH VISIBLE RED AND BLUE FIBERS.

376875

**VENDOR NO.** SASLLC

JAFFE, RAITT, HEUER & WEISS
PROFESSIONAL CORPORATION
27777 FRANKLIN RD., SUITE 2500
P.O. BOX 5034
SOUTHFIELD, MI 48086-5034
(248) 351-3000

GENERAL ACCOUNT
BANK OF AMERICA

9-80/720

**DATE** 01/30/18

"POSITIVE PAY" PROTECTED

**AMOUNT** $100.00

PAY ONE HUNDRED AND 00/100

TO THE ORDER OF
SECURITY ATTORNEY SERVICE, LLC
12813 GLADSTONE AVE.
SYLMAR, CA 91342

VOID AFTER 60 DAYS

TWO SIGNATURES REQUIRED OVER $25,000.00

⑆376875⑆ ⑈072000805⑈ 006856291239⑈

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 2:17-CV-04695

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* __BERNADINE FRIED__
on *(date)* __1-30-18__.

☒ I served the subpoena by delivering a copy to the named individual as follows:
__329 S. Wetherly Drive #207__
__Beverly Hills, CA 90211__ on *(date)* __2-11-18__; or TIME: 1:11 pm

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ __0.00__ .

I declare under penalty of perjury that this information is true.

Date: __2-11-18__

_____
Server's signature

__DIGO TELLEZ   LA 2014293853__
Printed name and title

__Security Attorney Service, LLC__
__12813 Industrial Ave__
__Sylmar, CA 71342__
Server's address

Additional information regarding attempted service, etc.:

# Roy Lawhorn

| | |
|---|---|
| From: | Katherine Abrignani |
| Sent: | Tuesday, January 30, 2018 3:46 PM |
| To: | Accounting |
| Cc: | Scott Torpey; Justin Schmidt |
| Subject: | ALLIAV-Hart |
| Attachments: | ALLIAV-Hart - Fried - Authorization 3985202-1.PDF; ALLIAV-Hart - Fried Label-3984854-1.PDF; ALLIAV-Hart - Executed Subpoena re Fried-3985047-1.PDF; LIB01-#3984730 v1-Hart_v_Delta_Air_Lines_Inc_-_Letter_to_Fried_enc_Su....pdf |

**IMMEDIATE REQUEST**

Scheduled check run (i.e., 9:30 a.m., 1:00 p.m. or 3:30 p.m.)

| | |
|---|---|
| Requesting Secretary | Katabr |
| Requesting Attorney | Jussch |
| Client-Matter Code | Alliav-Hart |
| Name of Payee | Security Attorney Service, LLC |
| Address of Payee, if available | |
| Amount of Check | $100.00 |
| Type of Expense | Process Server Fee |
| Backup for Check | See attached |

Katherine Abrignani
Legal Secretary
Jaffe Raitt Heuer & Weiss, P.C.
27777 Franklin Road – Suite 2500
Southfield MI 48034
P: 248.727.1503
F: 248.351.3082
kabrignani@jaffelaw.com
www.jaffelaw.com

Signature: Nothing in this communication is intended to constitute an electronic signature. This email does not establish a contract or engagement.

Confidentiality: This communication may contain confidential privileged information intended for the named recipient(s) only. If you received this by mistake, please destroy it and notify us of the error.

1



**Jaffe**
JAFFE RAITT HEUER & WEISS

27777 FRANKLIN ROAD SUITE 2500 • SOUTHFIELD MICHIGAN 48034-8214
PHONE 248.351.3000 • FAX 248.351.3082
www.jaffelaw.com

*Justin M. Schmidt*
*jschmidt@jaffelaw.com*
*248.727.1625*

*\*Admitted to Practice Law:*
*California, Michigan,*
*New Jersey & New York*

*Via Hand Delivery*

January 25, 2018

Bernadine Fried
329 Wetherly Drive
Beverly Hills, CA 90211

Re: Ayanna Hart v Delta Air Lines, Inc., et al.
Case No. 2:17-cv-04695

Dear Ms. Fried:

As you are aware, our records vendor, US Legal, has twice followed up on an outstanding subpoena to you for all of Ayanna Hart's records in your possession, custody, or control. You confirmed your location and receipt of the subpoena to US Legal. However, you refused to produce the documents, despite US Legal providing you with Ms. Hart's signed authorization to release of all her records to US Legal. Therefore, this subpoena, which we have personally served on you will be our last attempt to serve a subpoena on you for Ms. Hart's records. Please note that if you fail to fully and timely comply with this subpoena, we will promptly enforce it with the United States District Court for the Central District of California, seek all costs associated with our efforts to enforce the subpoena, and request all available sanctions.

For your convenience, we have included a prepaid self-addressed Federal Express label for delivery of the documents. If you would prefer to provide the documents electronically, please email them to my email address listed above or call or email me to arrange any other electronic document delivery service, e.g., Dropbox.

Very truly yours,

**Jaffe, Raitt, Heuer & Weiss**
Professional Corporation

398-1730.v1

/s/Justin M. Schmidt

AO 88A (Rev. 02-14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | | |
|---|---|---|
| AYANNA HART, | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 2:17-CV-04695 |
| DELTA AIR LINES, INC., et al. | ) | |
| *Defendant* | ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Bernadine Fried
329 Wetherly Drive, Beverly Hills, CA 90211
*(Name of person to whom this subpoena is directed)*

☐ *Testimony:* YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: US Legal Support<br>11845 W Olympic Blvd #600W, Los Angeles, CA 90064<br>via enclosed Fed Ex label | Date and Time:<br>02/09/2018 9:00 am |
|---|---|

The deposition will be recorded by this method: N/A

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: Any and all documents, including but not limited to records, reports, notes, memoranda, email and/or other electronically stored information pertaining to the treatment of Ayanna Hart, DOB: 8/28/1972 in accordance with the attached Authorization to Release the records to us which was executed by Ms. Hart.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 01/25/2018

CLERK OF COURT

_____     OR     _____
*Signature of Clerk or Deputy Clerk*              *Attorney's Signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Delta Air Lines, Inc. and SkyWest Airlines, Inc. , who issues or requests this subpoena, are:
Justin M. Schmidt, Jaffe Raitt Heuer & Weiss, 27777 Franklin Road, Suite 2500, Southfield, MI 48034, jschmidt@jaffelaw.com, (248) 351-3000.

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 2:17-CV-04695

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____
_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

(1) *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person, or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

(2) *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance

(3) *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies, or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated

**(e) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery

(2) *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

# Check Inquiry Summary

Account Number: 006856291239

Account Name: Jaffe Raitt Heuer and Weiss

Bank ID: 072000805







## Check Details

Check Number: 376875
Account Number: 006856291239
Account Name: Jaffe Raitt Heuer and Weiss
Bank ID: 072000805

Amount: 100.00
Posted Date: 02/12/2018
Paid Date: 02/12/2018

## Electronic Endorsement Information

BOFD - Bank Of First Deposit

Bank Name: JPMORGAN CHASE BANK, NA (BOFD)
Date: 02/12/2018
R/T: 111900057
Sequence Number: 8780236063

Bank Name: BANK OF AMERICA, NA
Date: 02/12/2018
R/T: 111012822
Sequence Number: 009292835556

1