Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
RANDAZZA LEGAL GROUP, PLLC
4035 S. El Capitan Way
Las Vegas, NV 89147
Telephone: 702-420-2001
ecf@randazza.com

*Attorneys for Plaintiff,*
*Ayanna Hart*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA HART, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC.,<br>a Delaware corporation; and SKYWEST AIRLINES INC.,<br>a Utah Corporation,<br><br>Defendants. | Case No. 2:17-cv-04695-R-AGR<br><br>Hon. Manuel L. Real<br><br>**NOTICE OF MOTION AND PLAINTIFF'S MOTION TO COMPEL FURTHER RESPONSES FROM DEFENDANT SKYWEST AIRLINES INC. TO PLAINTIFF'S FIRST SET OF INTERROGATORIES; DECLARATIONS OF MARC J. RANDAZZA AND ALEX J. SHEPARD**<br><br>Date: May 7, 2018<br>Time: 10:00 a.m.<br>Courtroom: 880 |

**TO DEFENDANT SKYWEST, INC. AND ITS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on **May 7, 2018** at **10:00 a.m.,** or as soon thereafter as counsel may be heard in the above Court, located at Royal Federal Building and U.S. Courthouse, 255 East Temple Street, Los Angeles, CA 90012, Courtroom 880, 8th Floor, Plaintiff Ayanna Hart will and hereby does move the Court pursuant for an order compelling further responses from Defendant SkyWest Airlines Inc. ("SkyWest") to Ms. Hart's First Set of Interrogatories to SkyWest, pursuant to Fed. R. Civ. P. 37. SkyWest refuses to provide information regarding passengers on Delta Flight 3359 who have discoverable information relevant to Ms. Hart's claims, such that Ms. Hart is unable to identify or depose these passengers.

This motion is based upon this Notice of Motion and Motion to Compel, as well as the attached Memorandum of Points and Authorities, the Declarations of Marc J. Randazza and Alex J. Shepard and all exhibits thereto, the papers and pleadings on file in this action, and any oral or documentary evidence as may be presented on the hearing of this motion.

Ms. Hart's counsel sent SkyWest's counsel a letter on February 16, 2018 under Fed. R. Civ. P. 37 laying out the basis for this motion. Counsel for the parties subsequently met and conferred telephonically on February 21, 2018, during which call Ms. Hart's counsel agreed that a motion to compel may not be necessary if SkyWest produced two more passengers for deposition, but reserving the basis for Ms. Hart's motion if more passengers with relevant and discoverable information were subsequently discovered. These passengers were deposed on March 2, 2018, and based

on their testimony Ms. Hart's counsel learned that additional, unidentified passengers had relevant, discoverable information. Counsel for Ms. Hart spoke telephonically with counsel for SkyWest on March 5, 2018, requesting identifying information consisting of at least the dates of birth and genders of three additional passengers on Delta Flight 3359. Counsel for SkyWest refused to provide any information related to any additional passengers.

Dated: March 26, 2018

Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Plaintiff,
Ayanna Hart*

# TABLE OF CONTENTS

1.0   INTRODUCTION ................................................................................................1

2.0   FACTUAL BACKGROUND ..............................................................................2

   2.1   THE FLIGHT AND THE PASSENGER .........................................................2

   2.2   THE PARTIES' MEET AND CONFER ATTEMPTS ......................................3

3.0   LEGAL STANDARDS .......................................................................................4

4.0   ARGUMENT .......................................................................................................5

   4.1   INTERROGATORY NO. 5 ...........................................................................5

   4.2   KEN ROE HAS RELEVANT, DISCOVERABLE INFORMATION ..................6

   4.3   SKYWEST'S OBJECTIONS DO NOT EXCUSE COMPLIANCE WITH
        INTERROGATORY NO. 5 ...........................................................................7

   4.4   THE COURT SHOULD AWARD FEES TO MS. HART INCURRED IN CONNECTION
        WITH THIS MOTION ................................................................................8

5.0   L.R. 37-1 CERTIFICATION ..............................................................................9

6.0   CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

**CASES**

*DirecTV, Inc. v. Trone*,
   209 F.R.D. 455 (C.D. Cal. 2002) .................................................................................5

*Wallman v. Tower Air, Inc.*,
   189 F.R.D. 566 (N.D. Cal. 1999) ............................................................................7, 8

*Xuan Thi Phan v. Jetblue Airways Corp.*,
   2017 U.S. Dist. LEXIS 212832 (C.D. Cal. Dec. 27, 2017) ...........................................8

*Zuniga v. Western Apts.*,
   2014 U.S. Dist. LEXIS 83135 (C.D. Cal. Mar. 25, 2014) ............................................5

**RULES**

Fed. R. Civ. P. 16 ............................................................................................................10

Fed. R. Civ. P. 26 ..............................................................................................................5

Fed. R. Civ. P. 37 .....................................................................................................3, 5, 8

**REGULATIONS**

14 C.F.R. § 243.9 ..........................................................................................................7, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.0  INTRODUCTION

Plaintiff, Ayanna Hart, was assaulted on Delta Flight 3359 (the "Flight"), operated by SkyWest. Ms. Hart had a brief exchange with one third-party passenger as the Flight was deplaning, with this passenger stating that he saw the assaults and nearly intervened. Early in discovery, Ms. Hart requested the identities of passengers on the Flight. Rather than provide this information, however, SkyWest instead unilaterally scheduled depositions of a small number of passengers, with the understanding that it would provide additional passengers for deposition if it became apparent that other passengers had discoverable information. Due to this roundabout method of deposing potential witnesses, Ms. Hart still does not have the identity of the passenger with whom she had a post-flight exchange and has been unable to seek further testimony from him. This passenger has discoverable information relevant to Ms. Hart's claims, but SkyWest refuses to identify this passenger and now, shortly before the close of discovery, refuses to provide identifying information of any other passengers. Ms. Hart believes that a passenger in row 4 of the Flight's first-class cabin is the passenger with whom she had the post-flight exchange. The Court should require SkyWest to disclose the identities of all passengers in this row, and should extend discovery for the limited purpose of allowing Ms. Hart to depose these witnesses.

## 2.0 FACTUAL BACKGROUND

### 2.1 The Flight and the Passenger

On May 12, 2017, Plaintiff Ayanna Hart flew on Delta Flight 3559 from Los Angeles International Airport ("LAX") to Denver International Airport ("DEN"). (*See* ECF No. 16 at ¶ 1.) SkyWest operated the Flight. (*See id.*) During the course of this flight, she was assaulted. (*See* ECF No. 1 at ¶¶ 30-46.)

As Ms. Hart was deplaning from the Flight, another passenger in the first-class cabin on the Flight ("Ken Roe")[1] told Ms. Hart that he was seated behind her and "had [his] seat belt unbuckled because [he] was about to jump up again and put the guy in a headlock or do something if he touched [Ms. Hart] or grabbed [Ms. Hart] again." (*See* Declaration of Alex Shepard ["Shepard Decl."], attached as **Exhibit 1**, at *Exhibit A*, at 115:23-116:4.) He informed Ms. Hart that he couldn't "believe that they, you know, the flight attendant didn't do anything." (*Id.* at 116:4-5.)

Ms. Hart propounded her First Set of Interrogatories on SkyWest on October 24, 2017. (*See* Shepard Decl. at *Exhibit B*.) Interrogatory No. 5 asked SkyWest to "[i]dentify all passengers and crew on the flight in question, including but not limited to [Ms. Hart's attacker], the passengers in seats 1A and 1C, [and] **all passengers sitting in First Class on the flight in question** . . . ." (*Id.* at Interrogatory No. 5) (emphasis added.) SkyWest responded to these Interrogatories on December 15, 2017 (*See* Shepard Decl. at *Exhibit B*.) In response to Interrogatory No. 5, SkyWest provided

---

[1] Ken Roe is a pseudonym for this passenger, as Ms. Hart does not know his identity. Ken Roe is used instead of John Doe to avoid confusion with reference to the John Doe mentioned in Ms. Hart's Complaint, who is a different person.

none of the requested information, instead stating that it would agree to provide the three specified passengers for deposition, as well as "any other witnesses of [sic] other passengers who may have discoverable information" if depositions of the three above passengers showed a need for it. (*See id.* at Response No. 5.)

Ms. Hart's attacker was deposed. (*See* Declaration of Marc J. Randazza ["Randazza Decl."], attached as **Exhibit 2**, at ¶ 4.) The passenger in Seat 1C was deposed on February 9, 2018. (*See id.* at ¶ 5.) The passenger in Seat 1A was deposed on February 15, 2018. (*See id.* at ¶ 6.) The passengers in Seats 3C and 3D were deposed on March 2, 2018. The deposition of the passenger in Seat 3A is currently scheduled to take place. (*See id.* at ¶ 8.)

Throughout the course of these depositions, it became apparent that none of these passengers are Ken Roe, who Ms. Hart knows to have discoverable, relevant information. (*See id.* at ¶ 9.) SkyWest's counsel has informed Ms. Hart's counsel that the passenger in seat 3A is female. (*See id.* at ¶ 10.) Ms. Hart knows that Ken Roe was in the first-class cabin on the Flight, that he sat behind her, and that he is male. Thus, by process of elimination, Ken Roe must have been a passenger in row 4. Defendants do not want Ken Roe's testimony in this case, and thus refuse to provide the identities of any of the passengers in row 4. They have no justification for this refusal except, perhaps, that it may hurt their case.

### 2.2 The Parties' Meet and Confer Attempts

Ms. Hart's counsel sent SkyWest's counsel a letter on February 16, 2018 under Fed. R. Civ. P. 37 laying out the basis for this motion and requesting identifying information for all passengers in the first-class cabin of the Flight. (*See* Randazza Decl.

- 3 -
Motion to Compel Further Responses from SkyWest to First Set of Interrogatories
2:17-cv-04695-R-AGR

at *Exhibit A*.) Counsel for the parties subsequently met and conferred telephonically on February 21, 2018 to discuss the issues presented in the letter. (*See id.* at ¶ 13.) During this call, Ms. Hart's counsel agreed that a motion to compel may not be necessary if SkyWest produced two more passengers for deposition, but reserved the basis for Ms. Hart's motion if these depositions made it apparent that other passengers had relevant, discoverable information. (*See id.* at ¶ 14.)

These passengers, the people in seats 3C and 3D, were deposed on March 2, 2018, and based on their testimony Ms. Hart's counsel learned that Ken Roe was not among them. (*See id.* at ¶ 15.) On that date, Hart's counsel and SkyWest's counsel discussed the need to depose passengers in Row 4, and Hart's counsel agreed that anyone who clearly was not Ken Roe would not be necessary – for example, if there were any women in Row 4, they could not be Ken Roe, and thus their testimony would most likely not be needed. (*See id.* at ¶ 16.) However, this was not an agreement that they would absolutely not be needed. (*See id.*)

Counsel for Ms. Hart spoke telephonically with counsel for SkyWest on March 5, 2018, requesting identifying information consisting of at least the dates of birth and genders of three additional passengers on Delta Flight 3359. (*See* Shepard Decl. at ¶ 7.) Counsel for SkyWest refused to provide any information related to any additional passengers. (*See id.* at ¶ 8.)

**3.0   LEGAL STANDARDS**

The scope of discovery under the Federal Rules is very broad, and allows discovery:

regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). "The party opposing discovery has the burden of showing that any challenged discovery should not be allowed, and also has the burden of clarifying, explaining and supporting its objections." *Zuniga v. Western Apts.*, 2014 U.S. Dist. LEXIS 83135, *3 (C.D. Cal. Mar. 25, 2014) (citing *DirecTV, Inc. v. Trone*, 209 F.R.D. 455, 458 (C.D. Cal. 2002)).

Fed. R. Civ. P. 37(a)(1) permits a party to move "for an order compelling disclosure or discovery." This is such a motion.

## 4.0 ARGUMENT

### 4.1 Interrogatory No. 5

This Motion concerns only SkyWest's response to Ms. Hart's Interrogatory No. 5. This Interrogatory reads as follows:

> Identify all passengers and crew on the flight in question, including but not limited to … all passengers sitting in First Class on the flight in question, all crew members on the flight in question, including, but not limited to the flight attendant working on the flight in question. Please provide names, addresses, and phone numbers, including which seat each passenger in First Class sat in on the date of the flight.

(Shepard Decl. at *Exhibit B*.) SkyWest responded to this Interrogatory as follows:

> SkyWest objects to this request as overly broad and unduly burdensome as it seeks all passengers on the Flight without limitation to those sections or rows likely to have discoverable information, and that this request seeks information which is proprietary and confidential to SkyWest and protected from disclosure pursuant to 14 C.F.R. § 243.9(c). Without waiving any objections, SkyWest will voluntarily agree to fully assist with producing for depositions (including issuing depositions subpoenas) the

- 5 -
Motion to Compel Further Responses from SkyWest to First Set of Interrogatories
2:17-cv-04695-R-AGR

three passengers Plaintiff has identified in this interrogatory (passengers seated on the Flight in seats 2A, 1A, and 1C) as Plaintiff has identified these passengers since the beginning of this litigation as potentially having relevant information. Based on information Plaintiff learns from these passengers or any other witnesses of other passengers who may have discoverable information, SkyWest will fully assist in producing for deposition such other passengers, if such deposition(s) is still necessary …

(*Id.* at *Exhibit C*.)[2]

### 4.2    Ken Roe Has Relevant, Discoverable Information

There is no real question that Ken Roe, the currently unidentified passenger in the Flight's first-class cabin who witnessed the assault, has relevant, discoverable information. He told Ms. Hart that he nearly intervened to stop the assault, and that he was surprised none of the flight crew did anything to stop it. (*See* Shepard Decl. at *Exhibit A*, at 115:23-116:5.) Ms. Hart's claims of negligence against SkyWest are premised primarily on its flight crew failing to take any action to stop the assaults. If deposed, he is expected to provide testimony as to the severity and frequency of the assaults, the visibility of these assaults, the degree to which it was obvious the assailant was intoxicated and dangerous, the lack of response by SkyWest's flight crew, and the unreasonableness of this lack of response. All of this expected testimony is likely to provide information relevant to Ms. Hart's claims, particularly regarding whether SkyWest's flight crew was negligent in doing nothing to stop the assaults. It is thus SkyWest's burden to justify its non-disclosure of this information.

---

[2] Out of recognition of the privacy concerns that SkyWest raised, this Motion does not refer to any third-party passengers by name. The attached Interrogatories and responses thereto also redact these names for the same reasons.

### 4.3 SkyWest's Objections Do Not Excuse Compliance with Interrogatory No. 5

SkyWest's response to Interrogatory No. 5 consists of two objections: (1) overbreadth and undue burden; and (2) alleged protection from disclosure under 14 C.F.R. § 243.9(c). The first objection is easily dispensed with. The dispute that necessitated this motion, and the relief requested in this motion, is not disclosure of all passenger information on the Flight; rather, Ms. Hart only seeks identification of three passengers in the Flight's first-class cabin, who were seated a mere two rows behind Ms. Hart as she was assaulted. SkyWest cannot reasonably assert it is overbroad or unduly burdensome to provide the identities of **three passengers**, at least one of whom Ms. Hart knows to have witnessed her assaults and SkyWest's negligent failure to prevent them.

SkyWest's second objection also does not excuse disclosure of the requested information. 14 C.F.R. § 243.9(c) provides that passenger contact information obtained by an airline "shall be kept confidential and released only to the U.S. Department of State, the National Transportation Safety Board, . . . and the U.S. Department of Transportation pursuant to oversight of this part." Despite this language, however, courts have found that § 243.9(c) does not provide a blanket ability to refuse disclosure of passenger information. The court in *Wallman v. Tower Air, Inc.*, 189 F.R.D. 566, 568-69 (N.D. Cal. 1999) determined that "[d]espite the confidentiality provisions of the statute, there is adequate justification, within the rules of civil procedure, for producing" a full passenger manifest where the plaintiff attempted to determine whether there was sufficient numerosity for class certification against the airline. This Court in *Xuan Thi Phan v. Jetblue Airways Corp.*, 2017 U.S. Dist. LEXIS

212832, *3-4 (C.D. Cal. Dec. 27, 2017) ordered that the defendant airline identify all passengers on a flight seated behind the plaintiff, as "it is likely that a significant percentage of those passengers . . . witnessed the events at issue," namely the plaintiff's injuries caused by turbulence on a flight.  Furthermore, this regulation obviously provides no actual barrier to SkyWest disclosing passenger information; they have already identified and produced for deposition 6 other passengers.

Since Ken Roe has relevant and discoverable information, SkyWest cannot refuse to disclose the requested information by relying on 14 C.F.R. § 243.9(c).  It cannot claim that any privacy rights will be compromised, either, as the parties entered into a Stipulated Protective Order for the Exchange of Confidential Information on October 23, 2017 (the "Protective Order").  (ECF No. 21.)  The Protective Order allows the parties to designate as confidential documents and deposition testimony containing "information not generally known to the public or proprietary and confidential to one or more of the parties." (*See id.* at ¶ 1.)  SkyWest is free to designate passenger information as confidential pursuant to the Protective Order, which will not compromise anyone's privacy rights.  In fact, *Wallman* and *Phan* required disclosure of passenger information precisely under these circumstances, and there is no reason for the Court to take a different course here.

### 4.4   The Court Should Award Fees to Ms. Hart Incurred in Connection with this Motion

Fed. R. Civ. P. 37(c)(1) provides that, "[i]f a party fails to provide information or identify a witness," the court "(A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure . . . ."  SkyWest never actually provided

information responsive to Ms. Hart's Interrogatory No. 5, instead unilaterally scheduling depositions of passengers in piecemeal fashion once it became apparent that other passengers had relevant information. SkyWest's goose chase has prevented Ms. Hart from being able to depose the passengers she thinks have the most relevant information, and now SkyWest wishes to deny Ms. Hart the ability to identify a key witness, Ken Roe. Ms. Hart complained of this piecemeal discovery process on February 16, 2018 and explained why the identities of all the first-class cabin passengers are discoverable. Despite this explanation, SkyWest still refuses to disclose the identities of a mere three passengers, despite knowing that at least one of them has highly relevant information. SkyWest has no justification for failing to identify these witnesses, and so the Court should award Ms. Hart her costs and attorney's fees incurred in connection with this motion.

## 5.0 L.R. 37-1 Certification

As explained in greater detail in the Notice of Motion and Section 2.2 of this Memorandum of Points and Authorities, the parties met and conferred in good faith prior to Ms. Hart filing this motion. Ms. Hart sent counsel for SkyWest a letter on February 16, 2018 identifying each issue and discovery request in dispute, stating briefly Ms. Hart's position and legal authority in support of that position, and specifying the terms of the discovery order to be sought.

## 6.0 CONCLUSION

For the foregoing reasons, the Court should grant Ms. Hart's Motion to Compel and require Defendant SkyWest to provide identifying information of the passengers in row 4 of the first-class cabin on Delta Flight 3359. Additionally, as

discovery has nearly closed in this matter, the Court should extend discovery for a sufficient period of time to allow Ms. Hart to depose the passengers in row 4.[4] The Court should also award Ms. Hart her costs and attorney's fees incurred in connection with this motion.

Dated: March 26, 2018

Respectfully Submitted,

RANDAZZA LEGAL GROUP, PLLC

/s/ Marc J. Randazza
Marc J. Randazza, SBN 269535
Alex J. Shepard, SBN 295058
4035 S. El Capitan Way
Las Vegas, NV 89147

*Attorneys for Plaintiff,*
*Ayanna Hart*

---

[4] To the extent applicable, Ms. Hart notes that this portion of the motion is brought under Fed. R. Civ. P. 16.

- 10 -
Motion to Compel Further Responses from SkyWest to First Set of Interrogatories
2:17-cv-04695-R-AGR

Case No. 2:17-cv-04695-R-AGR

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on March 26, 2018, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I further certify that a true and correct copy of the foregoing document being served via transmission of Notices of Electronic Filing generated by CM/ECF.

Respectfully submitted,

Employee,
Randazza Legal Group, PLLC