# EXHIBIT 3

May 17, 2017
Demand Letter



Marc J. Randazza, JD, MAMC, LLM
Licensed in AZ, CA, FL, MA, NV

*Settlement Privileged Communication*

**17 May 2017**

Via Email and U.S. Mail

Edward Bastian, CEO
Delta Air Lines, Inc.
1030 Delta Boulevard
Atlanta, GA 30320-2574
<edward.bastian@delta.com>

> **Re:**   *Incident on Flight DL3559 from LAX to DEN*

Dear Mr. Bastian:

We represent Ayanna Hart, a Delta passenger who was assaulted, battered, and humiliated on Flight DL3559 from LAX to DEN. On this flight, your crew served drink-after-drink to a belligerently drunk passenger. Delta employees have a duty to protect the safety of airline passengers like Ms. Hart. Delta employees broke the law when they disregarded the safety of other passengers by continuing to serve drinks to a very intoxicated man. Their behavior became truly outrageous when they failed to prevent continued groping and assault upon Ms. Hart. It then entered into a heightened level of outrageousness when your employees endorsed this assault.

This letter is to inform you of what happened on Flight DL3559 and to give you a preview of some of the claims we may bring against your company.

**Events on Flight DL3559 from LAX to DEN – May 12, 2017**

A Delta flight attendant continued to serve an unidentified male passenger in seat 2A in first class ("the man in 2A") drink-after-drink even though he was so visibly drunk that he was singing loudly to himself and the flight attendant asked him if he planned to drive home. At that moment, your crew was clearly on notice of his intoxication.

Several people also complained about the man in 2A's drunk behavior even before he battered and assaulted Ms. Hart. Thus, Delta was on heightened notice of the problem.

Ms. Hart was accompanied by her 15-year-old daughter in seats 2C and 2D and Ms. Hart sat directly across the aisle from the man in 2A. Ms. Hart was playing a game with her daughter when the man in 2A reached across the aisle and began groping at Ms. Hart. Ms. Hart firmly and loudly told him not to touch her, and your flight crew merely ignored his misconduct, as if they had better things to worry about.

The man in 2A's behavior was visible to the entire cabin and a passenger in 1A told the flight attendant that he was concerned about the fact that the man in 2A was very drunk. The passenger in 1A also loudly announced that the man in 2A was out of control

DAL0001

**Delta Air Lines, Inc.**
Flight DL3559 from LAX to DEN
Page 2 of 4

RANDAZZA
LEGAL GROUP

and groping Ms. Hart. The flight attendant replied within Ms. Hart's earshot: "Don't worry, he flies with Delta all of the time, he is a Platinum Medallion member."[1]

However, upon hearing this, Ms. Hart became petrified. This man's behavior was open, obvious, and now brought to the crew's attention. Nevertheless, the crew's response was to excuse it because he had *Platinum Medallion Status!*

At that point, Ms. Hart felt heightened anxiety. She was a prisoner in a small enclosed space. She was being sexually assaulted. And, those in charge of that aircraft were not only refusing to help, but expressed a view that the man had a privilege to engage in that kind of conduct due to his frequent flyer status.

A few minutes later, in the full view of the flight crew, and presumably emboldened by the endorsement of his behavior, the man in 2A reached across the aisle again, and grabbed Ms. Hart by the arm and pulled at her clothing. The man in 2A pulled at Ms. Hart's clothing so hard that she thought it was going to rip. Ms. Hart, despite being petrified, loudly yelled at the man in 2A not to touch her.

The flight attendant heard Ms. Hart yell, but continued to apparently endorse this conduct. Ms. Hart knows that the flight attendant heard her yell because he playfully parroted the words, "no touching" but at no time attempted to move the man from 2A to a different seat. He took no corrective measures. He did not even acknowledge Ms. Hart.

The man in 2A, at this point, clearly understanding that his behavior was endorsed by the crew, escalated the situation. Annoyed by Ms. Hart's failure to respond positively to his disgusting advances, he started throwing things at Ms. Hart. Ms. Hart could not get up and move given that the plane was landing and Ms. Hart was trapped. She had no idea what this man planned to do next and she worried for her teenage daughter's safety, as well as her own.

After Ms. Hart spent a number of hours, literally trapped next to someone who was assaulting and groping her, with the open explicit permission of the flight crew, the plane landed. However, your crew's misconduct did not end with the flight. As Ms. Hart exited the plane, visibly shaken from the experience, the flight attendant finally spoke to Ms. Hart. The flight attendant said, **"I'm sorry he was flirting with you on the flight."**

*Flirting.*

It is disturbing that one of your trained employees would call aggressive groping, attempted forcible disrobing, and throwing objects at her as "flirting." Meanwhile, several passengers on the flight expressed their concern for Ms. Hart's safety, yet your

---

[1]   I was unaware that one of the privileges of Platinum Medallion status is that you may grope other passengers. If true, I shudder to imagine what Diamond Medallion status might permit.

**Delta Air Lines, Inc.**
Flight DL3559 from LAX to DEN
Page 3 of 4

RANDAZZA
LEGAL GROUP

employee did nothing to aid Ms. Hart nor did he even try and make it appear that it was something to be taken seriously.

After the flight attendant commented about the man from 2A's "flirtations," another passenger from first class approached Ms. Hart and told her that he was so concerned about her safety on that flight that he did not buckle his seatbelt during the entire flight in case he had to suddenly restrain the man in 2A. The passenger also told her that he was shocked that the flight attendants continued to serve the man in 2A drinks while he was visibly intoxicated and displaying grotesque behavior, and the crew did nothing to protect Ms. Hart from the constant assault – and in fact, gave their blessing to it.

Ironically, Ms. Hart does not normally fly first class. Ms. Hart and her daughter were flying to Colorado to pack up her grandmother's home who had passed away last year, and Ms. Hart decided to book first class tickets to ease some of the stress of what she knew would be an emotional trip.

Unfortunately, Ms. Hart is now left with the distinct impression that Delta employees only watch out for people who fly "first class all the time," like the man in 2A.

### Federal Law Forbids Airline Staff from Serving Alcohol to Intoxicated Passengers

The Federal Aviation Administration (FAA) forbids serving alcoholic beverages to an intoxicated passenger aboard an aircraft. *See* 14 C.F.R. § 121.575(b)(1) ("No certificate holder may serve any alcoholic beverage to any person aboard any of its aircraft(s) who (a)ppears to be intoxicated.) In *Manfredonia v. Am. Airlines, Inc.*, the Appellate Court ordered a new trial based on a potential violation of FAA regulations when a woman was assaulted on a flight by a drunk passenger. *Manfredonia v. Am. Airlines, Inc.*, 68 A.D.2d 131, 132, 416 N.Y.S.2d 286, 286 (App. Div. 1979).

The *Manfredonia* Court explained that a new trial would be necessary because breach of the FAA regulation could be grounds for "negligence per se" since the regulation was intended to protect passengers like Ms. Manfredonia and, "(a)n intoxicated passenger may pose a serious threat to the safety of all on the aircraft." *Id.* at 139. Courts have long held that negligence *per se* can be absolute evidence of negligence in certain cases. *See Martin v. Herzog*, 228 N.Y. 164, 126 N.E. 814 (1920). The goal is to ensure that airlines comply with safety regulations, and since public policies are exemplified in state laws (such as Dram Shop act laws) the objectives of the federal FAA regulation to safeguard members of the community from preventable harm should have been extended to passengers.

Like in the *Manfredonia* case, Delta staff negligently inflicted severe emotional distress upon Ms. Hart when they served drink-after-drink to a visibly drunk passenger who went on to batter, assault, and humiliate Ms. Hart. Delta flight attendants had a duty to protect passengers like Ms. Hart. However, rather than live up to that duty, they failed to – and then to add insult to injury, they explicitly excused his conduct due to his medallion status.

**Delta Air Lines, Inc.**
Flight DL3559 from LAX to DEN
Page 4 of 4

RANDAZZA
LEGAL GROUP

Further, nearly every state has Dram Shop laws that extend liability to alcohol providers when they serve alcohol to people who are visibly drunk. Although Dram Shop laws are limited to injuries resulting from drunk driving, even the *Manfredonia* court recognized that the public policy behind these state laws are reflected in the FAA regulations.

I assume that your staff has had training about Dram Shop liability given that courts have extended Dram Shop liability to your airline in the past. *See Delta Airlines, Inc. v. Townsend*, 279 Ga. 511, 614 S.E.2d 745 (2005). In fact, I assume this is why the flight attendant asked the man in 2A if he was driving home: *Because the man in 2A was visibly drunk.* It is unfortunate that your staff recognized that he was drunk but decided to keep serving him drinks in violation of federal regulations.

Therefore, if Ms. Hart were to bring a negligence claim against your airline, such as a claim for negligent infliction of emotional distress, it is likely that that the Court would use the FAA regulation as a basis for negligence *per se* since your airline had a duty to protect passengers like Ms. Hart.

**Invitation to Resolve This Issue**

On behalf of Ms. Hart, we would like to invite you to resolve this issue now. At the very least, Ms. Hart deserves to be completely reimbursed the cost of her tickets. She further demands $250,000 to compensate her for the emotional distress to both her and her daughter, caused by your airline's negligence, and by your airline's outrageous behavior in approving of the sexual battery she suffered.

Ms. Hart further demands a formal apology from your airline and a formal promise from your airline that you will improve the training your flight attendants and staff receive when serving alcoholic beverages to customers – and that the flight attendant in question will be reprimanded and re-trained on the prevention of sexual assault on Delta flights.

We sincerely hope that you are willing to resolve this issue immediately.

Sincerely,

Marc J. Randazza

cc:     Charisse Evans <charisse.evans@delta.com>
        Gil West <gil.west@delta.com>
        Heidi Gould <heidi.gould@delta.com>
        <ed.bastian@delta.com>