Scott R. Torpey (SBN 153763)
storpey@jaffelaw.com
Justin M. Schmidt (SBN 309656)
jschmidt@jaffelaw.com
JAFFE RAITT HEUER & WEISS, PC
27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
(248) 351-3082 (Fax)
*Attorneys for Defendants
Delta Air Lines, Inc., and
SkyWest Airlines, Inc.*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA HART,<br><br>Plaintiff,<br><br>vs.<br><br>DELTA AIR LINES, INC., et al.,<br><br>Defendants. | Case No.: 2:17-cv-04695<br><br>Hon. Manuel L. Real<br><br>**STATEMENT OF UNCONTROVERTED FACTS AND CONCLUSIONS OF LAW FOLLOWING THIS COURT'S ORDER GRANTING DEFENDANT DELTA AIR LINES, INC.'S MOTION FOR SUMMARY JUDGMENT (DOC. #35)** |

Following this Court's granting of summary judgment in favor of Defendant Delta Air Lines, Inc. ("Delta") and complete dismissal of all of Plaintiff's claims against Delta (Doc. #35), Delta submits this [Proposed] Statement of Uncontroverted Facts and Conclusions of Law.

## STATEMENT OF UNCONTROVERTED FACTS

| UNCONTROVERTED FACT | SUPPORTING EVIDENCE |
|---|---|
| 1. Delta has a service agreement with | Decl. of Scott R. Torpey ("Torpey |

- 1 -

| | | |
|---|---|---|
| | SkyWest, a regional airline that operates regional flights under the mark "Delta Connection." | Decl."), Ex. F: Delta's Form 10-K, p. 3 of 109; Decl. of Sharon L. Fischer ("Fischer Decl.), Ex. N: Delta Connection Agreement with SkyWest, pp. 1, 38, Art. 1(A), 22(B); Court's Order granting Delta's Mot. for Summ J. (Doc. #35, Pg ID #582). |
| 2. | Delta pays SkyWest fixed rates for operating Delta Connection flights under this agreement. | Torpey Decl., Ex. C: SkyWest Inc., Form 10-K, p. 4 of 164; Fischer Decl., Ex. N, pp. 4-13, Art. 3 (redacted as confidential and proprietary); Doc. #35, Pg ID #582. |
| 3. | Though Delta provides certain services to SkyWest, SkyWest is a distinct legal entity with a unique FAA operating certificate, employs its own flight staff, and operates its own flights, including the one Plaintiff took. | Decl. of Todd Emerson ("Emerson Decl."), ¶¶ 5-11; Torpey Decl., Ex. C, p. 23 of 164; *id.*, Ex. D: FAA Airline Cert. Info.–Delta; *id.*, Ex. E: FAA Airline Cert. Info.–SkyWest; Fischer Decl., ¶¶ 4-12; *id.*, Ex. N, pp. 26-27, Art. 12(A)-(B); Doc. #35, Pg ID #582. |
| 4. | The underlying service agreement provides that neither Delta nor SkyWest has supervisory power or control over the other's employees, and the agreement expressly disclaims any agency relationship between them. | Fischer Decl., ¶¶ 7-8; *id.*, Ex. N, pp. 26-27, Art. 12(A)-(B); Doc. #35, Pg ID #582. |
| 5. | Plaintiff stated she chose the flight because the price and schedule fit her needs. | Torpey Decl., Ex. G: Pl. Dep., 32:17-21; Doc. #35, Pg ID #582. |
| 6. | Plaintiff's itinerary and check-in emails from Delta all stated the flight would be "operated by SkyWest d/b/a Delta Connection." | Torpey Decl., Ex. G, 26:12-28:11, 34:9-35:11, 36:2-38:10; *id.*, Ex. H: Plaintiff's itinerary and check-in emails regarding the Flight; Doc. #35, Pg ID #582. |

Delta's Statement of Uncontroverted Facts and
Conclusions of Law

Case No. 2:17-cv-04695-R

# CONCLUSIONS OF LAW

| | CONCLUSION OF LAW | SUPPORTING AUTHORITY |
|---|---|---|
| 1. | Under California law, there are four elements to negligence: (1) duty, (2) breach, (3) causation, and (4) damages. | *Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1132 (Cal. 2009); Doc. #35, Pg ID #583 |
| 2. | A principal is liable for the negligence of its actual or ostensible agent. | Cal Civ. Code § 2338; Doc. #35, Pg ID #583 |
| 3. | Delta did not directly breach any duty to Plaintiff. | *Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1132 (Cal. 2009); Doc. #35, Pg ID #583 |
| 4. | Actual authority is that which "a principal intentionally confers upon the agent, or intentionally, or by want of ordinary care, allows the agent to believe himself to possess." | Cal. Civ. Code § 2316; Doc. #35, Pg ID #583 |
| 5. | The right to control an actor is "a significant factor in defining an agency relationship." | *Patterson v. Domino's Pizza, LLC*, 333 P.3d 723, 735 (Cal. 2014); Doc. #35, Pg ID #583 |
| 6. | The California Supreme Court identified several factors that may bear on whether an agency relationship exists, including a right to control: (1) hiring, (2) direction, (3) supervision, (4) discipline, (5) discharge, and (6) relevant day-to-day operations. | *Patterson v. Domino's Pizza, LLC*, 333 P.3d 723, 739 (Cal. 2014); Doc. #35, Pg ID #583 |
| 7. | Delta lacked control over the operation of the flight because Delta did not have the right to control any of the factors identified by the California Supreme Court with respect to the SkyWest flight crew, and Delta's retention of the authority | *Patterson v. Domino's Pizza, LLC*, 333 P.3d 723, 735, 739 (Cal. 2014); Doc. #35, Pg ID #583 |

| | | |
|---|---|---|
| | to review SkyWest's policies does not amount to control over SkyWest's day-to-day operation of Delta Connection flights, let alone over the flight in question. | |
| 8. | Though a clause in the service agreement disclaiming an agency relationship "is not controlling," the undisputed facts show that Delta lacked control over Delta Connection flight operations. | *Shaw v. Delta Airlines, Inc.*, 798 F. Supp. 1453, 1457 (D. Nev. 1992); Doc. #35, Pg ID #583 |
| 9. | A reasonable jury could not find that an actual agency relationship existed between Delta and SkyWest's flight crew, and therefore, the flight crew were not Delta's actual agents. | *Haley v. United Airlines Inc.*, 2015 WL 5139638, at *5 (N.D. Ill. Aug. 31, 2015); Doc. #35, Pg ID #583 |
| 10. | Ostensible agency exists "when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." | Cal. Civ. Code § 2300; Doc. #35, Pg ID #584 |
| 11. | Three requirements must be met to establish a principal's liability for an ostensible agent's acts: (1) the third party interacting with an agent must have a reasonable belief in the agent's authority, (2) the belief must be generated by the principal's act or neglect, and (3) the third party must not be negligent in holding her belief. | *J.L. v. Children's Inst., Inc.*, 99 Cal. Rptr. 3d 5, 16 (Ct. App. 2009); Doc. #35, Pg ID #584 |
| 12. | "Liability of the principal for the acts of an ostensible agent rests on the doctrine of 'estoppel,' the essential elements of which are representations made by the principal, justifiable reliance by a | *J.L. v. Children's Inst., Inc.*, 99 Cal. Rptr. 3d 5, 16 (Ct. App. 2009); Doc. #35, Pg ID #584 |

- 4 -

27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000

| | | |
|---|---|---|
| | third party, and a change of position from such reliance resulting in injury." | |
| 13. | Plaintiff's belief that Delta operated the flight and had control over the flight crew was not generated by Delta's act or omission because in compliance with federal aviation regulations and the contract of carriage between Delta and Plaintiff, Delta expressly and directly communicated to Plaintiff that the flight would be "operated by SkyWest d/b/a Delta Connection," not by Delta itself. Because of this representation to Plaintiff, the fact that Delta licensed the Delta Connection brand name and mark to SkyWest is not enough to create a reasonable inference that Delta operated the flight. | *J.L. v. Children's Inst., Inc.*, 99 Cal. Rptr. 3d 5, 16 (Ct. App. 2009); Doc. #35, Pg ID #584 |
| 14. | Plaintiff's belief that the SkyWest flight crew were Delta agents was unreasonable to the extent that Plaintiff ignored the direct communications to her regarding the flight's operation. | *J.L. v. Children's Inst., Inc.*, 99 Cal. Rptr. 3d 5, 16 (Ct. App. 2009); Doc. #35, Pg ID #584 |
| 15. | Even if Plaintiff's belief that Delta operated the flight were reasonable, Plaintiff has not proffered evidence that she relied on Delta's representations and changed her position to her detriment in reliance on that representation. | *Van Den Eikhof v. Hocker*, 151 Cal. Rptr. 456, 460 (Ct. App. 1978); Doc. #35, Pg ID #584 |
| 16. | The SkyWest flight staff are not Delta's ostensible agents. | *J.L. v. Children's Inst., Inc.*, 99 Cal. Rptr. 3d 5, 16 (Ct. App. 2009); *Van Den Eikhof v. Hocker*, 151 Cal. Rptr. 456, |

- 5 -

Delta's Statement of Uncontroverted Facts and
Conclusions of Law

Case No. 2:17-cv-04695-R

| | | |
|---|---|---|
| | | 460 (Ct. App. 1978); Doc. #35, Pg ID #584 |
| 17. | As there is no triable issue of fact indicating an actual or ostensible agency relationship between Delta and SkyWest's flight crew, summary judgment must be granted on the negligence claim. | *Conroy v. Regents of Univ. of Cal.*, 203 P.3d 1127, 1132 (Cal. 2009); Cal Civ. Code § 2338; Cal. Civ. Code § 2316; *Patterson v. Domino's Pizza, LLC*, 333 P.3d 723, 735, 739 (Cal. 2014); *Haley v. United Airlines Inc.*, 2015 WL 5139638, at *5 (N.D. Ill. Aug. 31, 2015); Cal. Civ. Code § 2300; *J.L. v. Children's Inst., Inc.*, 99 Cal. Rptr. 3d 5, 16 (Ct. App. 2009); *Van Den Eikhof v. Hocker*, 151 Cal. Rptr. 456, 460 (Ct. App. 1978); Doc. #35, Pg ID #585 |
| 18. | In California, "there is no independent tort of negligent infliction of emotional distress. The tort is negligence, a cause of action in which a duty to the plaintiff is an essential element." Plaintiff concedes this claim. | *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993); Doc. #35, Pg ID #585 |
| 19. | The negligent infliction of emotions distress claim fails both because it is not independent of the negligence claim and because Delta did not owe a duty to Plaintiff through SkyWest's operation of the flight. | *Potter v. Firestone Tire & Rubber Co.*, 863 P.2d 795, 807 (Cal. 1993); Doc. #35, Pg ID #585 |
| 20. | Negligence per se is an evidentiary presumption provided by the California Evidence Code, it does not "state an independent cause of action." | *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 45 Cal. Rptr. 3d 222, 243 (Ct. App. 2006); Doc. #35, Pg ID #585 |
| 21. | The negligence per se claim also fails because it is not an independent claim and no reasonable jury could find that Delta owed a duty to Plaintiff in the operation of the SkyWest | *Quiroz v. Seventh Ave. Ctr.*, 140 Cal. App. 4th 1256, 45 Cal. Rptr. 3d 222, 243 (Ct. App. 2006); Doc. #35, Pg ID #585 |

Delta's Statement of Uncontroverted Facts and
Conclusions of Law

Case No. 2:17-cv-04695-R

| | | |
|---|---|---|
| | flight. | |
| 22. | To state an unfair competition claim under California Business and Professions Code § 17200, "a plaintiff must allege that the defendant committed a business act that is either fraudulent, unlawful, or unfair." | California Business and Professions Code § 17200; *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 117 Cal. Rptr. 3d 262, 277 (Ct. App. 2010); Doc. #35, Pg ID #585 |
| 23. | The unfair competition claim fails because a reasonable jury could not find that the SkyWest flight staff are Delta's actual or ostensible agents, Delta lacked operational control over the flight, and it could not have intervened, and because Plaintiff fails to offer any facts regarding actions of omissions by Delta that were unfair, fraudulent, or unlawful. | California Business and Professions Code § 17200; *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 117 Cal. Rptr. 3d 262, 277 (Ct. App. 2010); Doc. #35, Pg ID #585 |
| 24. | Plaintiff's interpretation of the contract of carriage it contained a promise "that [Delta] would remove or reassign dangerous or intoxicated passengers" and "protect [passengers] from belligerent drunks on Delta flights" is unconvincing because Delta's reservation of the right to reassign a seat or refuse to transport a passenger is not an affirmative promise to do so. | California Business and Professions Code § 17200; *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 117 Cal. Rptr. 3d 262, 277 (Ct. App. 2010); Doc. #35, Pg ID #585-86 |
| 25. | Plaintiff has not identified any unfair, fraudulent, or unlawful business practice by Delta, so summary judgment is appropriate as to this claim. | California Business and Professions Code § 17200; *Levine v. Blue Shield of Cal.*, 189 Cal. App. 4th 1117, 117 Cal. Rptr. 3d 262, 277 (Ct. App. 2010); Doc. #35, Pg ID #586 |
| 26. | Defendant Delta Air Lines, Inc.'s Motion for Summary Judgment is | Doc. #35, Pg ID #586 |

Delta's Statement of Uncontroverted Facts and
Conclusions of Law

Case No. 2:17-cv-04695-R

GRANTED.

Dated: March 23, 2018    JAFFE RAITT HEUER & WEISS, PC

By: /s/Scott R. Torpey
Scott R. Torpey (SBN 153763)
Justin M. Schmidt (SBN 309656)
*Attorneys for Def. Delta Air Lines, Inc.*

Dated: March 28, 2018

_____
Honorable Manuel L. Real
United States District Judge