e
Scott R. Torpey (SBN 153763)
storpey@jaffelaw.com
Justin M. Schmidt (SBN 309656)
jschmidt@jaffelaw.com
JAFFE RAITT HEUER & WEISS, PC
27777 Franklin Road, Suite 2500
Southfield, MI  48034
(248) 351-3000
(248) 351-3082 (Fax)
*Attorneys for Defendant
SkyWest Airlines, Inc.*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AYANNA HART, | Case No.: 2:17-cv-04695-R-AGR |
| Plaintiff, | Hon. Manuel L. Real |
| vs. | **REPLY BRIEF IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OF DEFENDANT SKYWEST AIRLINES, INC.** |
| DELTA AIR LINES, INC., et al., | |
| Defendants. | Date:         April 16, 2018 |
| | Time:        10:00 a.m. |
| | Courtroom: 880 |

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES .................................................................................ii

I. SkyWest Did Not Breach 14 C.F.R. § 121.575(c) ........................................1

II. SkyWest Did Not Serve Alcohol to Passenger 2A After He Appeared to Be Intoxicated...................................................................................................1

III. Passenger 2A Was the Direct Cause of Plaintiff's Alleged Injuries...............4

IV. Passenger 2A's Alleged Assault of Plaintiff Was a Superseding Cause and Was Not Reasonably Foreseeable ...........................................................4

V. Cal. Civ. Code § 1714 and Cal. Bus. & Prof. Code § 25602 Provide SkyWest with Immunity..................................................................................6

VI. Plaintiff's Claims for Negligent Infliction of Emotional Distress and Negligence Per Se Must Be Dismissed ..........................................................8

VII. Plaintiff's Unlawful, Unfair, and Deceptive Business Practices Claim Must Be Dismissed ........................................................................................8

VIII. The Court Should Deny Plaintiff's Request for Additional Discovery ..........9

CONCLUSION........................................................................................................10

27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000

Jaffe
JAFFE RAITT HEUER & WEISS

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Payaslyan v. Allstate Ins. Co.*,
 No. CV12-08651 R, 2013 WL 2128325 (C.D. Cal. May 2, 2013) .................. 3, 4, 5

*Thornhill Publ'g Co., Inc. v. GTE Corp.*,
 594 F.2d 730 (9th Cir.1979) ........................................................................................ 4

**Rules**

C.D. Cal. L.R. 56-3 ............................................................................................................. 5

Fed. R. Civ. P. 56(d) ..................................................................................................... 9, 10

**Statutes**

49 U.S.C. § 41713 ............................................................................................................... 9

Cal. Bus. & Prof. Code § 25602 ....................................................................................... 6

Cal. Civ. Code § 1714 ......................................................................................................... 6

**Other Authorities**

14 C.F.R. § 121.575(b)(1) ......................................................................................... 1, 2, 6

14 C.F.R. § 121.575(c) ....................................................................................................... 1

## I.     SkyWest Did Not Breach 14 C.F.R. § 121.575(c)

It is undisputed that no evidence exists that SkyWest permitted passenger 2A to board the Aircraft while appearing intoxicated. (Doc. #51-1, Pg ID #982, ¶¶ 8-10.) Therefore, SkyWest did not breach 14 C.F.R. § 121.575(c).

## II.    SkyWest Did Not Serve Alcohol to Passenger 2A After He Appeared to Be Intoxicated

Plaintiff also fails to sufficiently rebut SkyWest's showing that Flight Attendant Torres did not serve alcohol to passenger 2A on the Flight after he appeared to be intoxicated per 14 C.F.R. § 121.575(b)(1). Plaintiff admits she does not know the amount of alcohol passenger 2A was served or consumed on the Flight with certainty. (Doc. #51-1, Pg ID #982, ¶ 11.) Even assuming for purposes of this Motion only that Plaintiff saw passenger 2A drinking one beer (*id.*, which SkyWest fully denies) in addition to the other drinks she saw served to him, then Plaintiff can only show that passenger 2A was served a total of four alcoholic beverages on the Flight (the one beer that Plaintiff alleges plus the three single shot cocktails that passenger 2A and Flight Attendant Torres admit were served). However, serving alcohol to a passenger is not a violation of § 121.575(b)(1). It's only a violation if the passenger appeared to be intoxicated when he was served the alcohol. (Doc. #44-1, Pg ID #690.)

SkyWest and Plaintiff agree that Flight Attendant Torres stopped serving alcoholic drinks to passenger 2A when he noticed him singing towards the end of the Flight. (Doc. #51-1, Pg ID #983, ¶ 18.) Plaintiff disputes that this was the first time Flight Attendant Torres noticed passenger 2A singing. (*Id.*)[1] However, Plaintiff's

---

[1] Plaintiff assumes that the first time she heard passenger 2A singing on the Flight that he must have been intoxicated. However, passenger 2A testified that he often sings out loud (and he is told he sings off key) when he is listening to music and wearing earbuds as he was here, and that his singing out loud and off key is not correlated to consumption of alcohol. (Decl. of Scott R. Torpey, Apr. 2, 2018, Ex. J: additional excerpts of passenger 2A Dep., 36:3-38:2.) Therefore, the Court should not

alleged dispute is pure speculation as Plaintiff provides no evidence that Flight Attendant Torres noticed him singing earlier or that he should have noticed him singing earlier (if in fact he was singing earlier, which SkyWest denies). Plaintiff testified that passenger 2A was singing "really loudly" 30 minutes into the Flight, but never testified what "really loudly" actually meant, and never testified that Flight Attendant Torres heard this singing or was physically in a position at that time to hear the singing. Never once did Plaintiff testify that at any time that passenger 2A was allegedly singing *before* Flight Attendant Torres heard him and undisputably stopped serving him alcohol that Flight Attendant Torres was physically in close enough proximity to passenger 2A *at that time* to hear him singing.

While it's Plaintiff's burden to prove that Flight Attendant Torres heard or should've heard passenger 2A singing earlier if in fact he was (which SkyWest denies), there are a number of perfectly plausible reasons that even if passenger 2A first started singing 30 minutes into the Flight that Flight Attendant Torres did not hear him. First, Plaintiff and passenger 1A both testified that passenger 2A's singing was "intermittent" – not constant as Plaintiff is falsely attempting to portray. (Doc. #51-1, Pg ID #985-86, ¶¶ 3, 8.) Second, Plaintiff admits that Flight Attendant Torres stopped serving passenger 2A drinks when he noticed him singing towards the end of the Flight (Doc. #51-1, Pg ID #983, ¶ 18) and passenger 1A testified that passenger 2A's "intermittent" singing occurred mostly during the second half of the Flight (*id.*, Pg ID #986, ¶ 8), which means that even if Plaintiff heard passenger 2A singing beginning 30 minutes into the Flight, she cannot show how much of the intermittent singing occurred before Flight Attendant Torres stopped serving passenger 2A alcohol and how much occurred after that point.

This is significant because Flight Attendant Torres had many duties during the Flight, not just sitting around and monitoring the first class cabin as Plaintiff alleges

_____
assume that even if passenger 2A first started singing when Plaintiff testified he did that he was necessarily intoxicated at that point even if he appeared intoxicated later.

2

Reply Brief for SkyWest's Mot. for Summ. J.     Case No. 2:17-cv-04695

without any support.[2] During the Flight, Flight Attendant Torres was preparing food and beverages in the galley, communicating with the flight deck and the economy class Flight Attendant via the intercom, assisting the other Flight Attendant in the economy class section with beverage service, trash pickup, stocking and ensuring cleanliness of the lavatories, and providing general assistance to all other passengers on the Aircraft. There also is the constant noise of the Aircraft engines, overhead announcements from the flight deck, warning chimes, lavatories being flushed and lavatory doors opening and closing, other passengers talking, and noise from passengers' electronic devices. Therefore, it is not surprising at all that even if passenger 2A first started his intermittent singing during the first 30 minutes of the Flight (which SkyWest fully denies), that Flight Attendant Torres would not have heard him.

    As stated, Plaintiff presents no evidence that Flight Attendant Torres actually heard passenger 2A singing before the time when he stopped serving him alcohol or that Flight Attendant Torres was in close enough proximity to passenger 2A that he should've heard him singing at the time he was actually singing as it is undisputed that passenger 2A was not constantly singing. Accordingly, SkyWest has shown undisputed evidence that Flight Attendant Torres did not hear passenger 2A singing until he stopped serving him alcohol towards the end of the Flight and evidence showing valid reasons why Flight Attendant Torres was not necessarily in a position to have heard passenger 2A's alleged singing before Flight Attendant Torres stopped serving alcohol to him, and Plaintiff only counters with speculation that he should've heard him, which is insufficient for overcoming a motion for summary judgment. *See Payaslyan v. Allstate Ins. Co.*, No. CV12-08651 R, 2013 WL 2128325, at *2 (C.D. Cal. May 2, 2013) (Real, J.) ("[C]onclusory, speculative testimony in affidavits and motion papers is insufficient to raise genuine issues of fact and defeat summary

---

[2] There were only two Flight Attendants onboard the Aircraft (Doc. #44-13, Pg ID #834, ¶ 3) because the Aircraft was a regional jet (Embraer E175), which means only two Flight Attendants were required onboard.

3

Reply Brief for SkyWest's Mot. for Summ. J.    Case No. 2:17-cv-04695

judgment.") (citing *Thornhill Publ'g Co., Inc. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir.1979)), *aff'd sub nom. Payaslyan v. Allstate Indem. Co.*, 610 F. App'x 659 (9th Cir. 2015). The Court should therefore find that no evidence exists that Flight Attendant Torres served alcohol to passenger 2A on the Flight after he appeared to be intoxicated.

### III. Passenger 2A Was the Direct Cause of Plaintiff's Alleged Injuries

Plaintiff does not address SkyWest's position that passenger 2A was the direct cause or cause-in-fact of Plaintiff's alleged injuries. Therefore, the Court should find that passenger 2A was the direct cause or cause-in-fact of Plaintiff's alleged injuries.

### IV. Passenger 2A's Alleged Assault of Plaintiff Was a Superseding Cause and Was Not Reasonably Foreseeable

Just as Plaintiff provides no evidence that Flight Attendant Torres heard passenger 2A allegedly singing before the time Flight Attendant Torres stopped serving alcohol to him, Plaintiff also provides no evidence that Flight Attendant Torres heard Plaintiff allegedly tell passenger 2A not to touch her on the first two alleged touchings or any evidence that Flight Attendant Torres saw the first two alleged touchings. As with the singing, all that Plaintiff provides here is speculation that Flight Attendant Torres should've heard her tell passenger 2A not to touch her and that Flight Attendant Torres should've seen the first two touchings.

However, Plaintiff's speculation is even greater here because there were only two alleged touchings before the third touching that Flight Attendant Torres saw, not many intermittent touchings beginning 30 minutes after takeoff as Plaintiff alleges with the singing. Plaintiff does not testify that the alleged touchings lasted any significant amount of time. Moreover, while it's undisputed that Flight Attendant Torres saw the third alleged touching (although SkyWest disputes Plaintiff's description of the severity of the touching (Doc. #44-2, Pg ID #704, ¶ 21; Doc. #51-1, Pg ID #984, ¶ 21)), Plaintiff admits that she doesn't know whether Flight Attendant Torres saw the first two alleged touchings because she didn't notify Flight Attendant

4

1 Torres about the alleged touchings or seek passenger assistance after the alleged
2 touchings. (Doc. #51-1, Pg ID #984-85, ¶¶ 25-16, 28).[3] Flight Attendant Torres
3 confirmed that none of the passengers informed him during or after the Flight that
4 passenger 2A touched or did anything to Plaintiff and none of the passengers deposed
5 testified that they informed Flight Attendant Torres either. (Doc. #44-2, Pg ID #706,
6 ¶¶ 28-29.) And passenger 1A who was the closest passenger to the front of the cabin
7 where the galley is located and where Flight Attendant Torres' jumpseat is located
8 does not believe Flight Attendant Torres was aware of Plaintiff allegedly telling
9 passenger 2A not to touch her. (*Id.*, ¶ 27.)

10 Therefore, there is no evidence that Flight Attendant Torres heard Plaintiff
11 allegedly tell passenger 2A not to touch her or saw the first two alleged touchings,
12 and it is pure speculation that Flight Attendant Torres was in a position to hear or see
13 or should've heard or seen Plaintiff's alleged warnings to passenger 2A or the first
14 two alleged touchings. It is undisputed that when Flight Attendant Torres saw
15 passenger 2A touch Plaintiff (the third alleged touching) the Flight was on final
16 descent for landing, that Flight Attendant Torres was strapped into his jumpseat as
17 required, that he immediately told passenger 2A to "stop it", and that passenger 2A
18 did not touch Plaintiff thereafter. (Doc. #51-1, Pg ID #984, ¶¶ 21-24).[4]

19 With this lack of evidence along with the lack of evidence that SkyWest served
20 alcohol to passenger 2A after he appeared intoxicated as addressed above and that it's
21 undisputed that no evidence exists that SkyWest allowed passenger 2A to board the

---

[3] Plaintiff left blank her response to SkyWest's uncontroverted fact No. 28 (Doc. #51-1, Pg ID #984-85, ¶ 28), which is deemed as admitted. C.D. Cal. L.R. 56-3. Also, Plaintiff does not dispute this uncontroverted fact anywhere in her Opposition.

[4] Plaintiff alleges that after the last touching, which Flight Attendant Torres saw, that passenger 2A then threw a pillow at Plaintiff. (Doc. #51-1, Pg ID #987, ¶ 18.) Should the Court find that Flight Attendant Torres should've prevented passenger 2A from throwing the alleged pillow at Plaintiff, then SkyWest would still ask that the Court grant summary judgment as to all claims because Plaintiff offers no evidence (and common sense dictates) that she was in no way injured by a small, soft pillow provided to passengers on an airplane.

5

Reply Brief for SkyWest's Mot. for Summ. J.                                    Case No. 2:17-cv-04695

1 Aircraft while he appeared to be intoxicated, Plaintiff cannot show that SkyWest
2 failed to protect her or intervene on the Flight, and cannot show that SkyWest, rather
3 than passenger 2A, was the proximate cause of her alleged injuries. Accordingly, the
4 Court should dismiss Plaintiff's negligence claim.

## V. Cal. Civ. Code § 1714 and Cal. Bus. & Prof. Code § 25602 Provide SkyWest with Immunity

Plaintiff merely addresses in a footnote SkyWest's arguments that Cal Civ. Code § 1714 and Cal. Bus. & Prof. Code § 25602 provide immunity here and Plaintiff's arguments are meritless. (Doc. #51, Pg ID #968, n.4.) Rather than citing any cases or authority against the application of immunity here, Plaintiff provides an irrelevant and ludicrous strawman example that SkyWest's immunity position would allow one of its Flight Attendants to hypothetically serve seven shots of alcohol to a passenger in quick succession before he became obviously drunk and then could legally allow that passenger to grope or molest passengers without consequence. (*Id.*) First, nothing remotely similar to this occurred. Second, serving seven shots in quick succession would violate 14 C.F.R. § 121.575(b)(1) because it would be obvious that such quantity of alcohol in a short amount of time would make virtually anyone intoxicated. Third, SkyWest never argued that the California immunity statutes provide that SkyWest could allow another passenger to assault another passenger without consequence.

SkyWest's position is that even if the Court were to find that SkyWest served or might have served alcohol to passenger 2A while he appeared to be intoxicated, that the California immunity statutes require a finding that passenger 2A's consumption of the alcohol is the proximate cause of Plaintiff's alleged injuries, not SkyWest's service of the alcohol. If, however, SkyWest saw or should've been on notice that passenger 2A would likely (allegedly) assault Plaintiff, then SkyWest of course would have a duty to try to prevent such assault. SkyWest's position, however, is that there is no evidence that Flight Attendant Torres saw or should've been aware

6

Reply Brief for SkyWest's Mot. for Summ. J.        Case No. 2:17-cv-04695

that passenger 2A would likely allegedly assault Plaintiff. Therefore, if the Court finds that Flight Attendant Torres served passenger 2A alcohol after he appeared to be intoxicated <u>and also</u> finds that no evidence exists that Flight Attendant Torres saw or should've been aware that passenger 2A would allegedly assault Plaintiff, then the California immunity statutes would require a finding that passenger 2A's consumption of the alcohol and not SkyWest's service of the alcohol is the proximate cause of Plaintiff's alleged injuries. (Doc. #44-1, Pg ID #693-95.)

Plaintiff appears to argue that a choice of law question exists whether California or Colorado law would apply here because it is not certain whether the Aircraft was flying over California or Colorado when passenger 2A was allegedly overserved. (Doc. #51, Pg ID 968, n.4.) This argument should be rejected for a number of reasons.

First, Plaintiff has never argued that any State's law other California law applies in this case as Plaintiff cites California statutes in her Complaint (Doc. #1) and cites California case law and statutes throughout her Opposition briefs to both Delta and SkyWest's motions for summary judgment. (Doc. #28, 51.) Second, Plaintiff cites no authority that applicability of the immunity statutes is dependent on the State that the aircraft was flying over at the time that a passenger was allegedly overserved during a flight. Third, there are numerous contacts with California here such as Plaintiff is a resident of California, SkyWest (and Delta) have hubs at LAX, the flight originated from LAX, Flight Attendant Torres is based in and lives in California, and it is undisputed that passenger 2A was first served a drink while the Aircraft was still on the ground at LAX. Fourth, it is just as likely that the Aircraft may have been over Nevada, Utah, or Arizona on its way to Denver when passenger 2A was allegedly overserved. Because aircraft fly over multiple States in a short amount of time, courts rarely apply the law of the State that the aircraft was flying over when the alleged wrongful act occurred because it is often impossible to determine which State or States the Aircraft was flying over at such time, and even if

7

Reply Brief for SkyWest's Mot. for Summ. J.   Case No. 2:17-cv-04695

it could be determined, flying over such State(s) is usually a fortuitous occurrence. Therefore, a choice of law analysis would likely result in California law applying here for the reasons stated. Should the Court find that any law other than California law may apply on *only the issue* of the applicability of the immunity statutes, then SkyWest asks that the Court permit supplemental briefing as to choice of law.

## VI. Plaintiff's Claims for Negligent Infliction of Emotional Distress and Negligence Per Se Must Be Dismissed

Plaintiff stated in her Memorandum of Contentions of Fact and Law that she will no longer pursue her claims for negligent infliction of emotional distress or negligence per se. (Doc. #46, Pg ID #845.) Therefore, SkyWest requests that the Court dismiss these claims.

## VII. Plaintiff's Unlawful, Unfair, and Deceptive Business Practices Claim Must Be Dismissed

The Court should dismiss Plaintiff's UCL claim because all of Plaintiff's allegations for her UCL claim are derivative of her negligence claims, which must be dismissed for the reasons set forth in SkyWest's moving brief (Doc. #44-1, Pg ID #696-99) and this Reply. Plaintiff's UCL claim should also be dismissed because Plaintiff's arguments in her Opposition regarding her UCL claim are basically a complete rehash of the arguments she made in Opposition to Delta's motion for summary judgment with regard to her UCL claim (Doc. #28, Pg ID #463-69), which the Court dismissed. (Doc. #35.)

Plaintiff's allegations that SkyWest failed to move passenger 2A are unfounded for the same reasons this Court held they were unfounded against Delta, i.e., that the Contract of Carriage's (it is undisputed that SkyWest is required to adopt Delta's Contract of Carriage (Doc. #22-18; Doc. #51, Pg ID #964), thus Delta's Contract of Carriage applies in the same manner to SkyWest)) "reservation of the right to reassign a seat or refuse to transport a passenger is not an affirmative promise to do so." (Doc. #35, Pg ID #586.) Plaintiff even testified that passenger 2A's loud, off-key

8

Reply Brief for SkyWest's Mot. for Summ. J.   Case No. 2:17-cv-04695

1  singing, while annoying, was not a reason for SkyWest to move him to another seat if
2  passenger 2A had not touched Plaintiff and that she didn't know if there was an
3  empty seat to move passenger 2A. (Doc. #51-3, Pg ID #1038-39, 113:13-114:11.)

4        Plaintiff states without any support that "SkyWest violated FAA
5  regulations…." (Doc. #51, Pg ID #975.) Plaintiff fails to state what FARs SkyWest
6  violated or how SkyWest violated them. Regardless, as SkyWest has shown
7  throughout its moving brief and this Reply, SkyWest did not violate any FARs.

8        Even if all of Plaintiff's allegations were true (which SkyWest fully denies),
9  Plaintiff has failed to make any showing that Flight Attendant Torres' alleged actions
10 on the Flight were a "business practice" or that SkyWest "condoned" such actions as
11 required for showing a UCL claim. Just as this Court held that Plaintiff "has not
12 identified any unfair, fraudulent, or unlawful business practice by Delta" and
13 dismissed Plaintiff's UCL claim against Delta (Doc. #35, Pg ID #586), Plaintiff has
14 also not identified any unfair, fraudulent, or unlawful business practice by SkyWest.

15       Plaintiff argues that her UCL claims are not preempted by the Airline
16 Deregulation Act, 49 U.S.C. § 41713 ("ADA"). (Doc. #51, Pg ID #975-76.)
17 However, as SkyWest showed, to the extent Plaintiff's claims relate to SkyWest's
18 services, such as its in-flight beverage services, its security of passengers, or its
19 marketing and advertising of same through its Contract of Carriage or otherwise, such
20 UCL claims are routinely preempted by the ADA. (Doc. #44-1, Pg ID #698-99.)

21       For the reasons stated, the Court should dismiss Plaintiff's UCL claims.

22 **VIII. The Court Should Deny Plaintiff's Request for Additional Discovery**

23       The Court should deny Plaintiff's discovery request under Fed. R. Civ. P. 56(d)
24 for all the reasons set forth in SkyWest's stipulation opposing Plaintiff's motion to
25 compel. (Doc. #50-1, Pg ID #902-09.) Essentially, Plaintiff is seeking a backdoor
26 extension of the discovery deadline by filing an untimely motion to compel the
27 discovery of yet another row of passengers well after the March 19, 2018 discovery
28 deadline, with the final pretrial conference on April 9, 2018, and trial quickly

9

Reply Brief for SkyWest's Mot. for Summ. J.            Case No. 2:17-cv-04695

27777 Franklin Road, Suite 2500
Southfield, MI 48034
(248) 351-3000
Jaffe
JAFFE RAITT HEUER & WEISS

approaching on May 8, 2018. Plaintiff has no excuse for not filing her untimely motion to compel during the discovery period if she believed she is entitled to additional discovery, which SkyWest fully denies for the reasons stated in opposition to Plaintiff's motion to compel. (*Id.*) Therefore, the Court should find that discovery is over, trial is set to begin on May 8, 2018 without delay or adjournment, and deny Plaintiff's request for additional discovery.

## CONCLUSION

For all of the foregoing reasons, SkyWest respectfully requests that the Court grant its motion for summary judgment and dismiss with prejudice all of Plaintiff's claims against it.

Dated: April 2, 2018 　　　　　Respectfully submitted,

/s/Scott R. Torpey
Scott R. Torpey (SBN 153763)
Justin M. Schmidt (SBN 309656)
JAFFE RAITT HEUER & WEISS, P.C.
*Attorneys for Def. SkyWest Air Lines, Inc.*